IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

Javier Gonzalez and Caterina Rachele,
Claimants,

v.

Yomar Estrada Serrano, Police Sergeant (badge #8-25022),
Hector Medina Montalvo, Police Sergeant (badge #8-28509),
Carlos Gonzalez Velazquez, Police Officer (badge #17940),
Jaime Mont de Bruton, Police Colonel
Nivia M. Candelaria Martes
Trespassers.



RECEIPT # 118241
AMOUNT: $405.00
MAY 21 2025
CASHIER'S SIGNATURE

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2025 MAY 21 PM 1:30

CIVIL NO. [25-cv-1275] (SCC)

CLAIM FOR DECLARATORY JUDGMENT, INJUCTIVE RELIEF AND DAMAGES

Violation of rights under the Constitution for The United States of America – 42 U.S.C. § 1983; Title 42 USC 408 (8);

Claimants seek injunctive relief from this honorable court in the form of a prohibitive injunction against trespassers because claimants have exhausted every other available remedy in order to avoid irreparable harm to claimants;

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3), as this case arises under the Constitution and laws of the United States of America;

2. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in the Commonwealth of Puerto Rico;

3. This action arises under Natural and Common Law and the Constitution and laws of the United States of America, including the First, Fourth and Fifth amendments and is brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C., § 2202;

## II. PARTIES

4. Claimants Javier Gonzalez and Caterina Rachele are a man and woman, operating in the private under Natural and Common Law and are Non-U.S. citizens, American Nationals domiciling in the Commonwealth of Puerto Rico bring forth this action Sui Juris;

5. Trespassers are members of the Puerto Rico Police Department, acting under color of law in their official and individual capacities;

6. Additional Trespassers, the man Jaime Mont de Bruton who acts as Colonel and Commander of the Arecibo Police Headquarters located in Arecibo, Puerto Rico and the woman Nivia M. Candelaria Martes acting as Municipal Judge of Arecibo Municipal Court;

## III. STATEMENT OF FACTS

7. Claimants have already rescinded their contract with the Department of Transportation, CESCO and DISCO by unregistering their private automobiles and returning the state license plates assigned by DTOP to claimant's private automobile and have in their possession proof of said transactions;

8. Claimants do not possess drivers licenses and have in their possession United States passports in lieu of said drivers licenses, which clearly states that it is valid for domestic air travel, international land and sea travel between the United States, Canada, Mexico, the Caribbean and Bermuda;

9. United States passports clearly have an order from the Secretary of State of the United States of America, which states the following: "The Secretary of State of the United States of America hereby requests all whom it may concern to permit the citizen/national of the United States named herein to pass without delay or hinderance and in case of need to give all lawful and protection".

9. In the United States of America there is no constitutional provision that mandates having a drivers license. The right to travel without a drivers license in the United States is Constitutional;

10. Claimants state that claimants are aware of the Commerce Clause, Article 1, Section 8 of the U.S. Constitution, which states: "The Congress shall have power…to regulate commerce with foreign nations, and among the several states, and with the Indian Tribes.";

11. Claimants state that claimants are not subject to the provisions of the Commerce Clause because claimants do not possess drivers licenses and have unregistered their automobiles with the DTOP, therefore cancelling their contracts with said agency and can no longer be presumed to be operating in a commercial capacity or for hire;

12. Claimants have already on several occasions, noticed the corresponding institutions (Department of Transportation DTOP, Center for Conductor Services CESCO, Directorate for Conductor Services DISCO, Department of Public Safety DSP, Puerto Rico Police Department Headquarters NPPR and several other police stations throughout the island) that claimants will be exercising their right to travel freely and unincumbered without the need for a Drivers License, Registration or State license plates as it is a right guaranteed by Natural and Common Law, the Declaration of Independence which states that we have the right to life, liberty and the pursuit of happiness, by the Constitution for the United States of America and by American Jurisprudence;

13. Claimants have also notified and spoke in person with the man Jaime Mont de Bruton, who on occasions acts as the Colonel and Commander of the Arecibo Police Headquarters, who is in charge of the men who committed trespass against Claimants on the day of May First (1) 2025;

14. Claimants declare and have evidence that in spite of having Noticed the lead law enforcement agencies, claimants have received approximately thirty (30) threats on social media from police officers stating that if they see claimants on the public roadways exercising claimant's right to travel in claimant's private automobiles without drivers licenses, registration or state-issued plates, they will seize claimant's automobiles, issue traffic citations, arrest claimants and even threatened bodily harm;

15. On May first (1) of 2025 at approximately 6:45pm, Claimants were stopped by the named trespassers, Officer Carlos Gonzalez Velazquez, and Sergeant, Hector Medina Montalvo, without probable cause or Reasonable Articulable Suspicion of criminal activity while claimants were traveling on Highway 22 exercising their right to travel without drivers license, state plates or registration, not operating in a commercial capacity, as is their right guaranteed by Natural and Common Law and the Constitution for the United States of America, American Jurisprudence and by supreme court case Shapiro v. Thompson 394 U.S. 618 (1969) and other Supreme Court cases (see attached and enclosed videos and documents as evidence);

16. Claimant, Javier Gonzalez, was ordered by Officer Carlos Gonzalez Velazquez to produce a drivers license, registration and proof of insurance;

17. Claimant respectfully informed Officer Carlos Gonzalez Velazquez that claimant Javier Gonzalez was not operating in a commercial capacity since he had rescinded his contract with the DTOP, DISCO and CESCO and that his automobile was solely used for private mode of travel as stated on the private plate displayed on claimant's automobile and therefore is not a "motor vehicle" as defined in Title 18 U.S.C., Chapter 31(a)(6) and therefore not subject to Law 22 of the Puerto Rico statutes and/or commercial regulatory codes;

18. Claimant, Javier Gonzalez informed officer Carlos Gonzalez Velazquez that claimant does not possess a drivers license and asked officer Gonzalez if claimant could reach for pertinent documentation and claimant's passport from claimant's bag in the back seat and handed said documents to officer Carlos Gonzalez Velazquez;

19. Officer Carlos Gonzalez Velazquez informed his supervisor, Sergeant Hector Medina that claimant, Javier Gonzalez did not have auto insurance, to which claimant, Javier Gonzalez informed both officers that claimant did in fact have private auto insurance and presented said proof of insurance to the officers;

20. Claimants told trespassers that they wished to continue their travel; trespassers informed claimants that they could not drive their "motor vehicle" without complying with the requirements stipulated in Law 22 of the Puerto Rico statutes;

21. Claimant, Javier Gonzalez restated several times that claimant is not a driver, conductor or chauffer of a motor vehicle as legally defined in the U.S. Codes of Federal Regulation and that therefore Law 22 of Puerto Rico does not apply to claimant because claimant is a traveler in claimant's private automobile and said private automobile was not being used for commercial purposes as also defined in U.S. Codes of Federal Regulation;

22. During the intervention on the day in question, Claimants had requested on several occasions that the trespassers contact their Superior, Colonel Jaime Mont de Bruton, but refused to do so; the Claimants attempted getting in touch with the man Jaime Mont de Bruton via phone call but were unsuccessful and were even lied to by dispatchers saying that the man does not work for that Police Station, and the woman dispatcher refused to give her badge number when requested;

23. Without legal or lawful authority trespassers, Officer Carlos Gonzalez Velazquez, Sergeant Hector Medina Montalvo and Sergeant Yomar Estrada Serrano informed claimants that they would be towing claimant's private automobile utilizing their police tow truck;

24. Claimants informed the Officers in question that without a properly executed search and seizure warrant authorizing the towing of claimant's private property, they would be committing a criminal trespass in the form of theft and also violating claimant's Fourth (4) amendment right;

25. Trespasser, Sergeant Yomar Estrada Serrano stated that he did not need a properly executed search and seizure warrant in order to tow claimant's private automobile;

26. Trespasser, Sergeant Yomar Estrada Serrano stated that claimant's automobile had been classified as scrap metal or junk by the DTOP/CESCO/DISCO registration system;

27. Claimant advised Sergeant Yomar Estrada Serrano that claimant had Noticed DTOP/CESCO/DISCO via an Affidavit of Truth to remove claimant's automobile from their register without classifying it as scrap metal or junk because claimant would be using said automobile to travel on the roadways as is claimant's right;

28. Without legal or lawful authority or a properly executed search and seizure warrant, the trespassers ceased claimant's automobile and placed both claimants under custodial arrest without reading claimant's Rights, without hand cuffing them and instructed claimants to board their state police patrol vehicle against claimant's wishes;

29. Upon arrival at the police station, claimant, Caterina Rachele, video recorded the entire interaction with law enforcement officers inside the police station, but later was prevented and obstructed from recording inside the station and ordered to leave the office claiming that she had disrespected them, in clear violation of claimant's First (1st) amendment right, which protects and guarantees the right to record public servants in a public space in the performance of their official duties and claimant's right to freedom of speech;

30. Trespasser, officer Carlos Gonzalez Velazquez attempted to obtain both claimant's Social Security numbers, to which claimant advised officer Carlos Gonzalez Velazquez was a clear violation of federal law;

31. Claimant, Javier Gonzalez provided claimant's last four (4) digits of claimant's Social Security number under duress and did not provide the Social Security number of claimant, Caterina Rachele;

32. Claimants were detained for approximately four hours without formal arrest or charges;

33. Claimants were ultimately given an invitation to attend a hearing on the 15th of May, 2025 and released, and their private automobile was allowed to be taken from the police station's premises by tow and were advised not to travel on Highway 22;

34. Said invitation was signed under duress with the legal caveat UCC 1-308, Without Prejudice, All Rights Reserved.

35. Claimants declare the initial summons issued by officer Carlos Gonzalez Velazquez on May 1st, 2025 was answered via Certified Mail, with Certified Number :9589 0710 5270 2128 8475 57 and received by the Police Station on May 13th, 2025, noticing the officer and parties involved of the reasons why i the man would not be attending;

36. Claimant declare that said notice challenged the issue of personal and subject-matter jurisdiction by failing to provide claimant with a properly executed court order stating the nature and cause of the crime committed; failing to provide claimant with a sworn claim of trespass by a man or a woman as per the legal prerequisites for lawful arrest; probable cause supported by clear evidence of a crime committed by claimant against a man or woman…*Corpus Delecti*… refers to the principle that no one should be convicted of a crime without sufficient evidence that the crime actually occurred;

37. Claimants declare that the actions of the woman Nivia M. Candelaria Martes who on occasions acts as a judge, are unconstitutional and have caused irreparable damage to the claimants for completely disregarding due process;

38. Claimants declare that the woman: Nivia M. Candelaria Martes acting as a municipal judge and the Puerto Rico Police Officers involved have violated the Constitution for the United States of America and the Constitution of the Commonwealth of Puerto Rico, by failing to provide due process of law as guaranteed to us by the Supreme law of the land which is the Constitution for the United States of America, Article 6, Clause 2;

39. Claimants state that Puerto Rico is a U.S. territory, which means that its authority to enact a criminal code derives from Congress and not from local sovereignty as with the states. Therefore, individuals committing a crime in Puerto Rico can only be tried in federal or territorial courts, otherwise it would constitute double jeopardy and is constitutionally impermissible; as a U.S. territory, Puerto Rico is not a state and its residents are subject to U.S. federal laws but lack voting representation in Congress;

40. Claimant Caterina Rachele affirms under penalty of perjury that on May 16, 2025, at approximately 9:35 AM, that claimant was harassed, intimidated, and threatened by four individuals acting as officers of the Puerto Rico Police; two were unidentified, and two were identified as the man: Carlos González Velázquez, badge #17940 and the man: Héctor Medina Montalvo, badge #8-28509;

41. Claimant, Caterina Rachele declares that these officers unlawfully entered our private property without a valid search warrant or exigent circumstances, allegedly acting under a notification signed by the woman: Nivia M. Candelaria Martes in spite being repeatedly informed that they were on private property, and without claimant's consent to enter, they proceeded to trespass, in violation of The Fourth Amendment of the U.S. Constitution and Article 10 of the Constitution of Puerto Rico;

42. By persisting in committing these violations and acting outside of Constitutional authority, said officers and officials thereby forfeit any claim to judicial immunity;

43. Trespasser's actions also caused irreparable damage to Claimants by depriving them of their rights to liberty, property, due process of law under the Fifth (5th) amendment to the Constitution for the United States of America and causing claimants emotional distress, by feeling persecuted, domestically terrorized and being treated as political prisoners under constant threat of unlawful incarceration;

IV. CLAIMS FOR RELIEF

Count I – Violation of the freedom of movement and the Right to Travel;

44. Claimants seek a declaratory judgment pursuant to 28 U.S.C. § 2201 stating:

   a. That the freedom of movement and the right to travel freely and unencumbered on the public roadways using a private automobile, which is not engaged in commerce is protected by the Constitution for the United States of America and American Jurisprudence, particularly, Supreme Court cases, which have been declared Stare Decisis, was violated by the enforcement of "motor vehicle" codes under Law 22 of the statutes of Puerto Rico against private, non-commercial automobile travel;

b. That Law 22 of Puerto Rico statutes does not apply to private travel by men and women not engaged in commerce, and such clarification should be formally recognized and made known to all public officials;

Count II – Unlawful seizure and arrest

45. Trespassers kidnapped claimants and seized their private property without probable cause, Reasonable Articulable Suspicion, without a properly executed warrant or stating exigent circumstances, in violation of their Fourth (4th) amendment rights including unlawful trespass on private property;

Count III – Violation of due process of law

46. Claimants were denied their Fifth (5th) amendment right to due process of law when they were deprived of liberty and property without following the required lawful and legal process in accordance with Constitutional provisions;

Count IV – Violation of Free Speech and Freedom of the Press

47. Trespassers unlawfully and illegally interfered with claimant's First (1st) amendment right to record public officials in a public setting in the performance of their official duties and trespassed claimant from a public building;

Count V – Violation of 42 USC 408 (8) persuasion to disclose Social Security numbers

48. Trespasser, officer Carlos Gonzalez Velazquez unlawfully and illegally compelled claimants to disclose their Social Security numbers;

V. DEMAND FOR RELIEF

WHEREFORE, Claimants respectfully request this Honorable Court:

A. Enter a declaratory judgment in accordance with Sixteenth (16th) American Jurisprudence, Second (2nd) edition, § 177 and The Judicial Code, Chapter II, Section 24, approved March 3, 1911;

16 AmJur, 2nd § 177 states the following: "Declaratory Judgment actions have often been utilized to test the constitutionality of a statute in government practices. The Uniform Declaratory Judgments Act makes specific provisions of the determination of construction or validity of statutes and municipal ordinance by declaratory judgment and is considered to furnish a particularly appropriate method for the determination of controversies relative to the construction and validity of the statutes and of ordinances. The Federal Declaratory Judgment Act, although it does not mention declarations as to the construction or validity of the statutes, has been invoked frequently as a means of assaying the constitutionality of congressional legislation. A plaintiff can have a declaratory judgment action on the constitutionality of either the federal or state statute by a single federal judge so long as he does not ask to have the operation of the statute enjoined. A court may grant declaratory relief unless there is a case of controversy before the court, that is, the dispute must consist of specific adverse claims, based upon present rather than future or speculative facts on which to base the adjudication."

The Judicial Code, Chapter II, Section 24 is a Bill enacted in order to authorize the Federal courts of the United States to render Declaratory Judgments;

B. Declare that the trespasser's actions violated the claimant's rights under the First (1st), Fourth (4th) and Fifth (5th) amendments to the Constitution for the United States of America;

C. Issue an injunction prohibiting further enforcement of Law 22 and any other commercial law traffic regulations against claimants while in the exercise of their right to travel in their private automobiles and not engaged in commercial or for hire activities;

D. Award any equitable relief and compensatory and punitive damages the Court deems just and proper pursuant to 42 U.S.C. § 1983;

E. Order that this ruling be disseminated among public and law enforcement officials to avoid future violations;

F. Award costs, litigation expenses and attorney's fees under 42 U.S.C. § 1988;

G. Grant such other and further relief as the court deems just and proper;

RESPECTFULLY SUBMITTED,
In San Juan, Puerto Rico, this 21 day of May, 2025.

*Javier Gonzalez*
Javier Gonzalez
Sui Juris Claimant
8613 Callejon Los Gonzalez
Quebradillas Puerto Rico, 00678
848-238-9512

*Caterina Rachele*
Caterina Rachele
Sui Juris Claimant
8613 Callejon Los Gonzalez
Quebradillas Puerto Rico, 00678
732-581-0192

TABLE OF CITED AUTHORITIES AND DEFINITIONS

a. Definitions

Refer to Black's Law Dictionary, 4th Edition for the Definitions of "Motor Vehicle" "Driver" and "License"

**Transportation**: the removal of good or persons from one place to another by a carrier Railroad Co. v. Pratt, 22 Wall.133.22

**Carrier**: either *common or private* :

**Common Carriers** are those that hold themselves out or undertake to carry persons or goods of all persons indifferently, or of all who choose to employ it -Merchants Parcels Delivery v. Pennsylvania Public Utility Commissions 150 Pa.Super.120, 28 A.2D 340,344; or those whose occupation or business is transportation of persons or things for hire or reward - In re Rodgers, Neb, 279 N.W. 800, 803, 804

**Private Carriers** are those who transport or undertake to transport in a particular instance for hire or reward. Allen v. Sackrider, 37 N.Y. 341; Columbus-Cincinnati Trucking Co. v Public Utilities Commissions 141, Ohio St. 228, 47 N.E. 2d 623; 625; 626

**Driver:** as defined in 29 C.F.R. 782.3: a Driver as defined for Motor Carrier Act jurisdiction is an individual who drives a motor vehicle in transportation which is, within the meaning of motor carrier act in interstate or foreign commerce . 49 C.F.R. 390 – 395; Ex parte No. MC-2, 3 M.C.C.665

**Driver:** means any person who operates any commercial motor vehicle 49.C.F.R. 390.5T

**Driver:** Black's Law Dictionary defines a driver as "One employed in conducting a coach, carriage, wagon, or other vehicle, with horses, mules, or other animals, or a bicycle, tricycle, or **motor car**, though not a street railroad car."

**Person:** An individual, firm, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body, as well as a department, agency, or instrumentality of the executive, legislative, or judicial branch of the federal government. This definition includes Railroads.

**Motor Vehicle:** 18 U.S.C. 31(a) (6) The term motor vehicle means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property or property or cargo.

**For Commercial Purposes** : 18 U.S.C. 31 (a) (10) the term used for Commercial Purposes means the carriage of persons or property for any fare, fee, rate, charge or indirectly in connection with any business, or other undertaking intended for profit.

**License:** Black's Law defines the term as "the Permission by competent authority to do an act which, without such permission, would be illegal, a trespass, or a tort."

**Vehicle Registration:** Title 49 section 14504 a (10): defines the term as the registration of any commercial motor vehicle in accordance with the International Registration Plan as defined in section 31701 or any other registration law of any jurisdiction [2021] USC Article 34, Section 12611 of the Motor Vehicle Theft Prevention Program (a) in general not more than 180 days after September 13, 1994 the Attorney General shall develop in collaboration with the States a national **Voluntary** program to prevent motor vehicle theft by submitting an application of voluntary consent to participate in the program.

**Conductor:** A hirer, a person hired for a fee to transport goods or people;
A conductor is someone who hires or hires the services of another person. They can also be a person who is hired to do a specific job, like a contractor. In Roman law, a conductor was also known as a manceps or redemptor, especially if they were providing public services.

**Automobile: U.C.C. 9-102**: goods are classified as "consumer goods" if they are used or bought for use primarily for personal, family, or household purposes. This classification includes Automobiles as they are often used for persona, family or household transportation. In legal context, an automobile purchased for personal, family, or household purposes is considered "consumer goods" as defined in U.C.C. 9-109 this classification is supported by various legal cases, such as Mallicoat v. Volunteer Finance and Loan Corp. and National Shawmut Bank of Boston v. Jones, which confirm that automobiles bought for personal used are classified as consumer goods.

**Traveler:** Bouvier's legal dictionary defines the term as "one who goes from one place to another for pleasure, education, business or health".

25 Am. Jur. (1st) Highways, Sec. 427
Defines terms: Travel and Traveler

The Following Cases have been declared Stare Decisis by American Jurisprudence

b. Cases

Marbury v. Madison, 5 U.S. 137
Constitution is the Supreme Law of the land. Any law in conflict is null and void.

Murdock v. Pennsylvania, 319 US 105
The state may not convert a secured liberty into a privilege, and issue a license and fee for it.

Shuttlesworth v. Birmingham, Alabama, 373 U.S. 262
"If the state does convert your right into a privilege and issue a license and charge a fee for it, you can ignore the license and fee and engage in the right with impunity."

US v. Bishop, 412 US 346
Regarding criminal elements required to be proven - willfulness is one of the major elements defined as an "evil motive or intent to avoid a known duty...under the law".

Buchanan v. Warley, 245 US 60 (1917)
"The police power of the state must be exercised in subordination to the provisions of the U.S. Constitution."

Chicago Motor Coach v. Chicago, 169 NE 22,Ligare v. Chicago. 28 NE 934, Boon v. Clark. 214 SSW 607..
"The use of the highways for the purpose of travel and transportation is not a mere privilege, but a common and fundamental Right of which the public and the individual cannot be rightfully deprived.

Thompson v. Smith, 154 SE 579
"The Right of the citizen to travel...is not a mere privilege...but a common Right which he has under the right to life, liberty, and the pursuit of happiness."

Hale v. Henkel, 201 U.S. 43 (1906)
"We are of the opinion that there's a clear distinction.. between an individual and a corporation.. The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State.... He owes no such duty to the State, since he receives nothing therefrom beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution."

Hurtado v. California, 110 U.S. 516
"The state cannot diminish Rights of the people." Due process of law is process of law according to the law of the land, i.e. the U.S. Constitution as exercised within the limits prescribed and interpreted according to the principles of common law.

Miller v. U.S., 230 F.2d 486, 489
The claim and exercise of a Constitutional Right cannot be converted into a crime."

Miranda v. Arizona, 384 US 436, 491
"Where rights secured by the Constitution are involved, there can be no rulemaking or legislation which would abrogate them."

Sherar v. Cullen, 481 F.2d 945
"There can be no sanction or penalty imposed upon one because of his exercise of constitutional Rights."

II Am. Jur. (1st) Constitutional Law, Sec. 329
"The right of a citizen to travel upon the public highways and to transport his property thereon, by horsedrawn carriage, wagon, or automobile, is not a mere privilege which may be permitted or prohibited at will, but a common right which he has under his right to life, liberty and the pursuit of happiness. Under this constitutional guarantee one may, therefore, under normal conditions, travel at his inclination along the public highways or in public places, and while conducting himself in an orderly and decent manner, neither interfering with nor disturbing another's rights, he will be protected, not only in his person, but in his safe conduct."

16 Am. Jur. 2d, Sec. 70
"No public policy of a state can be allowed to override the positive guarantees of the U.S. Constitution"

16 Am. Jur. 2d, Sec. 177 late 2d, Sec. 256
"The general misconception is that any statute passed by legislator bearing the appearance of law constitutes the law of the land."

16 Am. Jur. 2d, Sec. 260 Right to travel

25 Am. Jur. (l8t) Highways, Sec. 260
"Requirement that regulations not violate constitutional guarantees"

AFFIDAVIT OF TRUTH

IN SUPPORT OF DECLARATORY JUDGMENT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

i, the man: Javier González, and i, the woman: Caterina Rachele, being of sound mind, over the age of eighteen (18) am competent to testify and hereby swear under penalty of perjury that all statements made in the Declaratory Judgment are factual events witnessed by us;

Executed this 16th day of May, 2025, in the territory of Puerto Rico.

Unsworn Declaration Under Penalty of Perjury IAW 28 USC, Subsection 1746, (1. Executed without the United States);

i declare under penalty of perjury under the laws of the Constitution for the United States of America that the foregoing is true and correct.

Executed on this __16th__ day of __May__, 2025

By; _Javier: Gonzalez_

Javier Gonzalez, a man and American National

*All rights reserved. Without Prejudice.* UCC 1-308


By; _Caterina: Rachele_

Caterina Rachele, a woman and American National

*All rights reserved. Without Prejudice.* UCC 1-308